## CRAWLEY *vs.* BLACKMAN, guardian.

Where a testator gave his property to his children for life, and at their death to their children or representatives, and after the death of testator, his children made a division of the property, with no understanding at the time that there was to be any subsequent division in the portion which fell to one of the children and of which she went into possession, her children took immediately a vested remainder in fee, and after their mother's death had a right to recover such portion. Therefore in an action brought by them to recover such portion, against one whose ancestor had obtained possession of it by giving to their mother in exchange part of the testator's estate which fell to him in the division mentioned, it was not error to exclude evidence tending to show that it was understood, at the time of this division, that if any of the testator's children should be dissatisfied with the portion that fell to them, some one of the other children would make an exchange with the one thus dissatisfied so as to satisfy such one.

(*a*) Such an understanding, even if it existed, did not amount to a contract.

January 9, 1889.

Wills.  Remainders.  Division.  Evidence.  Before
Judge Boynton.  Pike superior court.  April term, 1888.

Reported in the decision.

J. A. Hunt, for plaintiff in error.

S. C. McDaniel, *contra*.

Blandford, Justice.

S. K. Crawley, the grandfather of these parties, made
a last will and testament, by which he gave his property
to his children for life, and at their death to their chil-
dren or representatives.    Mrs. Blackman was one of his
children.  . After the death of the testator, the children
met and made a division of the property, and a certain
portion of it fell to Mrs. Blackman.    She went into
possession of the part which fell to her, and continued
thereon for two years.    At the end of the two years, she
exchanged it with her brother, J. W. Crawley, for cer-
tain land which belonged to him, and which had fallen
to him in the division of the testator's estate.    It was
specified in the deeds that the land was to be held in the
same manner as was provided by the testator's will.
Mrs. Blackman died, and her children (the defendants
in error here) brought their action of ejectment to re-
cover the land exchanged by their mother:    A verdict
was rendered in favor of the plaintiffs in the court be-
low, and the defendant moved for a new trial, on various
grounds, mainly upon the ground that the court refused
to allow the defendant to introduce evidence to the effect
that it was understood, at the time of the division
among the testator's children, that if any of the children
should be dissatisfied with the portion that fell to them,
some one of the other children would make an exchange

with the party thus dissatisfied, so as to satisfy such party. The other grounds of the motion relate to the refusal of the court to admit evidence of transactions pursuant to this understanding, and the refusal of the court to charge in relation thereto as requested by the defendant.

Under the will of the testator, Mrs. Blackman took a life estate in the property which fell to her, remainder to her children; and the remainder vested immediately in the children; the fee was in them. She was in the possession, use and occupancy of the property for two years before she made the exchange with her brother. The division made between the heirs was a permanent division; no understanding was had, at the time of the division, to the effect that there was to be any subsequent division of the property. We think that, under the circumstances, the remainder vested immediately in the children, and that after the death of their mother they had a right to recover the property that fell to them in the division. We think the court did right to reject the evidence above referred to. At most it is very unsatisfactory. The understanding that if one of them should become dissatisfied, he should be satisfied by some one of the other life tenants making an exchange with him, did not amount to a contract. The verdict was right; and the judgment of the court below is affirmed.